[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 14, 1993 Date of Application August 10, 1993 CT Page 9853 Date Application Filed August 13, 1993 Date of Decision October 26, 1993
BY THE DIVISION
After please of guilty, petitioner was convicted on nine separate files of burglary in the third degree in violation of General Statutes 53a-103(a) (nine counts); larceny in the first degree in violation of General Statutes 53a-122(a) (one count); larceny in the third degree in violation of General Statutes 53a-124(a) (four counts); larceny in the fourth degree in violation of General Statutes 53a-125(a) (two counts); larceny in the fifth degree in violation of General Statutes 53a-125a(a) (one count) and criminal mischief in the third degree in violation of General Statutes 53a-117(a) (two counts).
A total effective sentence of eight years plus four months execution suspended after four years with three years probation was enforced. Special conditions of probation included substance abuse testing and treatment, full time employment and two hundred hours of community service.
The conviction and sentence resulted from nine burglaries which petitioner and others committed between 1992 and 1993. Eight of the burglaries were committed in private homes and all resulted in loss of property to the victims.
At the time petitioner was using cocaine, alcohol and marijuana. The crimes were committed to pay for petitioner's use of these substances.
Petitioner's attorney argued that the sentence imposed was inappropriate. He stated that petitioner, who was seventeen at the time, had a serious drug and alcohol problem and that the crimes resulted from this addiction. He stated that the Presentence Investigation (PSI) recommended an alternative incarceration program with strict comprehensive drug treatment. The attorney stated that the sentencing judge CT Page 9854 should have accepted this recommendation and did do not do so because of unreasonable concern about transportation.
The attorney urged that the sentence be suspended with conditions recommended in the PSI.
Speaking on his own behalf, petitioner agreed that what he did was wrong but stated that he was on drugs at the time.
The state's attorney argued against any reduction in sentence. He pointed out that petitioner had received a prior alternative sentence and that it was not effective. Petitioner was on probation at the time he committed the burglaries. The loss and suffering inflicted on the victims was also stressed by the state's attorney.
The sentencing judge commented on the traumatic effect which petitioner's crimes had on the victims as well as the financial loss suffered by them and the impossibility of restitution. The judge felt that because of the trauma and injury inflicted on the victims punishment was necessary. In imposing sentence the judge included probation and some of the PSI recommendations concerning substance abuse counselling, testing and treatment.
In view of the number of separate serious crimes committed by petitioner, the effect of such crimes on the victims and the need to protect society from such offenses and deter petitioner and others from such conduct, it cannot be found that the sentence imposed is inappropriate. The sentence was balanced and well under the maximum which could have been imposed.
Considering the scope of review imposed upon this division by Connecticut Practice Book 942 the sentence should not be reduced.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Stanley, J. CT Page 9855
Purtill, J., Klaczak, J. and Stanley, J. participated in this decision.